[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE. #105
This case concerns a motor vehicle accident that took place on or about February 26, 2000, at an intersection in Bridgeport, Connecticut. The plaintiff is Mayra Colon. The defendants are Southern New England Telephone Company (SNET) and its employee/agent, Gregory M. Sterling (Sterling). The plaintiff filed a revised complaint on October 9, 2001, in which she makes the following allegations. Sterling, operating a motor vehicle owned by the defendant, SNET, collided with the vehicle owned and operated by the plaintiff causing the plaintiff injury and loss.
The plaintiffs revised complaint contains four counts. Counts one and two allege negligence and recklessness by Sterling. Count one alleges that Sterling operated his motor vehicle at an unreasonable rate of speed in violation of General Statutes § 14-218a and with extreme indifference to other vehicles on the highway in violation of General Statutes § 14-222; failed to keep a proper and reasonable lookout for other motor vehicles upon the highway; failed to keep a motor vehicle under proper and reasonable control; failed to apply the brakes in time, turn the car to the right or left, or sound the vehicle's horn to avoid the collision; failed to come to a complete stop and proceeded when it was unsafe in violation of General Statutes § 14-301; failed to grant the plaintiff the right of way in violation of General Statutes §14-245; and failed to obey a traffic control signal in violation of General Statutes § 14-299. The plaintiff alleges that as a result of Sterling's negligence, she sustained numerous injuries and incurred medical expenses. Count two incorporates all of the allegations in count one and further alleges that the plaintiffs injuries and losses were caused by the deliberate and/or reckless conduct of Sterling in his violation of the aforementioned statutes and that these violations were a substantial factor in causing the plaintiffs injuries and losses. She claims that she in entitled to damages under General Statutes § 14-295. CT Page 6479
Counts three and four allege negligence and recklessness by SNET. Count three incorporates the allegations of count one and alleges that because Sterling is an employee of SNET, SNET is liable for the plaintiffs injuries and losses of the plaintiff pursuant to General Statutes §52-183. Count four incorporates the allegations of count one and alleges that the plaintiff is entitled to damages pursuant to General Statutes § 14-295.
The defendants filed a motion to strike counts two and four on November 20, 2001, accompanied by a supporting memorandum of law. The plaintiff has not filed an objection to the motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies, Corp., 240 Conn. 576, 580, 639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,260, 765 A.2d 505 (2001).
As to count two, in which the plaintiff asserts a claim of recklessness against Sterling, the defendants argue that General Statutes § 14-295
requires a plaintiff to specifically allege the conduct that is claimed to be reckless. The defendants argue that in count two, the plaintiff merely sets forth the same facts underlying her negligence claims. Therefore, the defendants assert that count two is insufficient as the plaintiff fails to allege new facts in support of her claim of recklessness.
General Statutes § 14-295 states, "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
"The appellate courts have not had occasion to decide what degree of CT Page 6480 specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence."[1] Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000,Doherty, J.). "In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." (Internal quotation marks omitted.) Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.).
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries."[2] Torres v. Jacovino, supra, Superior Court, Docket No. 150549. "The majority view is based both on an analysis of the legislative history as well as a review of the statutory language of § 14-295 itself. These cases conclude that as long as the general requirements of the statute are met, such pleading is enough to survive a motion to strike and to state a cause of action under § 14-295." Ferens v. Brown, Superior Court, judicial district of New Britain at New Britain, Docket No. 509116 (October 11, 2001, Quinn, J.).
This court agrees with the majority view: a claim under § 14-295
"may be asserted without the pleading of subordinate, supporting facts as long as the assertion otherwise satisfies the provisions of Section 14-295, and as necessary, the provisions of any of the statutes enumerated in Section 14-295 that are claimed to be violated." Lombard v. Booth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001, Stevens, J.) (30 Conn.L.Rptr. 78, 79). In count two, the plaintiff alleges that Sterling deliberately and/or in reckless disregard: "operated said motor vehicle at an unreasonable rate of speed . . . operated said motor vehicle recklessly having due regard for traffic . . . [and that] one or more of the previously cited violations was a substantial factor in causing the injuries . . ." (Plaintiff's Revised Complaint, count two, ¶¶ 4(a) (b)). The plaintiff's allegations satisfy the requirements for pleading under § 14-295.
The court now addresses the defendants' argument that the plaintiff does not add any new factual allegations to her recklessness claim that are not included in her negligence claim. It is important to note that "where the allegations of a count of a contested pleading support a cause CT Page 6481 of action for recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." (Internal quotation marks omitted.) Liell v. Dwyer, Superior Court, judicial district of Danbury, Docket No. 340952 (November 14, 2001, White, J.). This is what the plaintiff has done here. Thus, it is submitted that the court should deny the defendants' motion to strike count two.[3]
In count four, the plaintiff alleges that SNET is liable for the injuries and losses caused by Sterling's reckless conduct pursuant to General Statutes § 52-183, and claims double or treble damages pursuant to § 14-295. The defendants argue that count four should be stricken as multiple damages cannot be imposed on SNET via the doctrine of vicarious liability. The defendants argue that § 52-183 is a procedural statute which raises the presumption of agency, but does not authorize punitive or exemplary damages against a principal for the alleged reckless conduct of its agent.
"Connecticut courts have long held that there is ordinarily no vicarious liability for punitive damages." Maisenbacker v. Society of Concordia, 71 Conn. 369, 379, 42 A. 67 (1899). "A principal, however, is liable for compensatory damages for the actions of his agent, servant of employee." Id. Connecticut trial courts are split on the issue of whether § 52-183 abrogates the common law rule against imposing vicarious liability for punitive damages. Section § 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment."
"In the cases allowing claims for double or treble damages, the courts have determined either that the language of § 52-183 raises a presumption that the owner is liable for the reckless operation of the vehicle by its operator, or that the court's interpretation of the liability of lessors under General Statutes § 14-154a in Gionfriddov. Avis Rent A Car System, Inc. . . . is analogous to situations involving the liability of owners of motor vehicles." Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.) (29 Conn.L.Rptr. 87, 90). See also Santillo v. Arredono, Superior Court, judicial district of New Haven at New Haven, Docket No. 442323 (March 21, 2001, Blue, J.); Provenzano v. Ryder Truck Rental, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352431 (December 10, 1999,Skolnick, J.); Rylo v. Gainey Transportation Services, Superior Court, CT Page 6482 judicial district of Fairfield at Bridgeport, Docket No. 383149 (September 12, 2001, Stevens, J.).
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." In Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 284-90, 472 A.2d 306, "the court held that because § 14-154a makes the owners and lessors of a motor vehicle liable to the same extent as the operator, the owner-lessor can be held liable for treble damages under § 14-295 whenever treble damages are properly assessed against the operator." (Internal quotation marks omitted.) Bonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin,J.) (20 Conn. L; Rptr. 203).
"In the second line of cases, when such claims have not been permitted, the courts have distinguished Gionfriddo in that the language in § 14-154a specifically imposes liability on the lessor `to the same extent as the operator,' while §§ 14-295 and 52-183 do not contain such language." Jennings v. Vega, supra, 29 Conn.L.Rptr. 90. "These courts have reasoned that the legislature has not expressly abrogated the common law rule against imposing vicarious liability for punitive damages." Alves v. Brown, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383322 (February 21, 2002, Rush, J.) (31 Conn.L.Rptr. 427, 428).
This court finds that the cases holding that § 52-183 does not permit the awarding of punitive damages is more persuasive. This court agrees with the reasoning set forth in Alves v. Brown, supra,31 Conn. L. Rptr. 429. In that case, the court reasoned, "[t]he language of §52-183 . . . only makes the owner liable for the operator's actions as if the operator was the owner s agent or servant. Because principals are not ordinarily liable for punitive damages for the actions of their agents or servants. . . in enacting § 52-183 the legislature has not clearly stated its intent to abrogate the long standing common law rule against imposing vicarious liability for punitive damages. . . . Imposing liability for double or treble damages on the non-operator owner of a motor vehicle will not further the legislative policy of deterring destructive behavior, because it is the reckless behavior of the operator that ought to be deterred, not the behavior of the non-operator owner." Id.
For the foregoing reasons, General Statutes § 52-183 does not permit the awarding of double or treble damages on a non-operator owner. CT Page 6483 Therefore, count four of the plaintiffs revised complaint is stricken.
The defendants' motion to strike is denied as to count two and granted as to count four.
_______________ GALLAGHER, J.